# UNITED STATES DISTRICT COURT

for the

U.S. District of R.I.

_______ Division

Case No. ____________________
*(to be filled in by the Clerk's Office)*

James Harris
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Audrey Levy-Lachance
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

RECEIVED
AUG 25 2026
U.S. DISTRICT COURT
DISTRICT OF R.I.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | James Harris |
| All other names by which you have been known: | Cing Lion Harris |
| ID Number | 127609 |
| Current Institution | Rhode Island department of Corrections |
| Address | High Security center, PO Box 8200 |
| | Cranston (City) RI (State) 02920 (Zip Code) |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Audrey Levy-Lachance |
| Job or Title *(if known)* | Health Care provider; PA-C, J.D |
| Shield Number | |
| Employer | Rhode Island Department of Corrections |
| Address | High Security center 54 Power Road |
| | Cranston (City) RI (State) 02920 (Zip Code) |

☒ Individual capacity ☒ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | City State Zip Code |

☐ Individual capacity ☐ Official capacity

Defendant No. 3

Name

Job or Title *(if known)*

Shield Number

Employer

Address

*City* *State* *Zip Code*

☐ Individual capacity ☐ Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

*City* *State* *Zip Code*

☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment U.S. Constitution
5th Amendment U.S. Constitution
14th Amendment U.S. Constitution

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Defendant is employed by the State to provide medical care to State prisoners.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* ____________________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

At the High Security Center between 3/1/2026 until... still ongoing.

[illegible]

C. What date and approximate time did the events giving rise to your claim(s) occur?

3/1/2026 – Still ongoing

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached pages

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

H. Pylori infection, causing severe chest pain, stomach pain, blood in stool, rectal pain, severe burning in chest, throat, and stomach. I require a treatment of antibiotics and have still never been treated as of the time this suit is filed.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

$150,000 Compensatory damages;
$250,000 Punitive damages.
reimbursment of filing fee and costs to obtain medical records
Injunctive relief mandating treatment

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

(See EXHIBIT F attached to complaint; page from grievance Policy)

Per Policy Medical is Non-grievable offense

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Medical Staff, through medical request slips

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______

   Defendant(s) ______

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ______

3. Docket or index number

   ______

4. Name of Judge assigned to your case

   ______

5. Approximate date of filing lawsuit

   ______

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. ______

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ______

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) James Harris

   Defendant(s) A.T. WAll

2. Court *(if federal court, name the district; if state court, name the county and State)*

   U.S. District court of R.I.

3. Docket or index number

   C.A. NO. 16-0805

4. Name of Judge assigned to your case

   Patricia A. Sullivan

5. Approximate date of filing lawsuit

   August 15, 2016

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Settled

D.

1. Parties to previous lawsuit

Plaintiff(s) James Harris

Defendant(s) Salisbury et al.

U.S. District Court of R.I.

Case No. 1:26-CV-00424-JJM-AEM

John J. McConnell, Jr.

7/8/2026

Pending case

RECEIVED
AUG 25 2026
U.S. DISTRICT COURT
DISTRICT OF R.I.

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/22/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff James Harris

Prison Identification # 127609

Prison Address PO Box 8200

Cranston | RI | 02920
City | State | Zip Code

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ____________

Printed Name of Attorney ____________

Bar Number ____________

Name of Law Firm ____________

Address ____________

City | State | Zip Code

Telephone Number ____________

E-mail Address ____________

1. ON or About 3/1/2026, I Submitted A Medical request Slip ASKing to be tested for H. Pylori.

2. ON 3/11/2026, I WAS given AN H. Pylori breath test. (see EXHIBIT A Attached to complaint)

3. ON 3/13/2026, I WAS seen by defendant AND told I WAS positive for H. Pylori. (see EXHIBIT B Attache hereto)

4. Defendant ASKed me if I WAS experiencing ANY heart burn or stomach pain.

5. I told defendant that I had minor/tolerable heart burn AS well AS minor/tolerable burning in my stomach.

6. Defendant ASKed ~~[illegible]~~ why did I get tested for H. Pylori.

7. I ANSwered that, "I ASKed for the test because A lot of people Are testing positive.".

8. Defendant then ASKed if I had A history of gastric cancer, ulcer disease, or gastritis in my family.

RECEIVED
AUG 25 2026
U.S. DISTRICT COURT
DISTRICT OF R.I.

9. I replied that I had to ASK my mother.

10. I ASKed the defendant, does H. Pylori cause cancer?

11. The defendant replied no it does not cause cancer.

12. I told defendant that if H. Pylori could possibly cause cancer that I wanted to be treated regardless of my mild symptoms.

13. The defendant again told me that H. Pylori does not cause cancer.

14. On or About 5/1/2026, I submitted a medical slip and told a nurse that I had a sore throat and my left gland was swollen in my neck.

15. On 5/7/2026, I was again seen by Dr. Audrey (defendant) about my sore throat and swollen gland. (See EXHIBIT C attatched hereto)

16. During this visit I again informed of my heart burn and stomach burn at night and that I started to have to take tums to lessen the burning.

17. I was prescribed Antibiotics for the Swollen gland.

18. On 5/21/2026, I was seen by defendant as a result of yet another medical slip submitted by me informing her of my H. Pylori symptoms getting worse. (see EXHIBIT D attached hereto)

19. I told defendant that I had shap stomach pains, severe daily heartburn, severe daily stomach burning, sharp pains in my colon, black stool some days, other days just black spots in my stool, bloating, and gas, suspected weight loss, and loss of appetite.

20. I asked to be seen by a dietition to possibly get prescibed insure for my loss of appetite.

21. Defendant acknowledged that I was having Epigastric burning and that I would be monitored for one week, if symptoms persist or worsen I would be treated for H. Pylori. (see EXHIBIT E attached hereto)

22. I asked yet again to just be treated for H. Pylori to "get this over with".

23. After two weeks with no follow up with defendant I Submitted Another medical request informing her of the worsening Symptoms And my desire to be treated for H.Pylori, on 6/4/2026.

24. I never recieved A Answer And was never seen.

25. on 7/4/2026, I Submitted Another Slip to be treated for H. Pylori And informing defendant that I was having Severe H. Pylori Symptoms.

26. The defendant has been aware of my positive H. Pylori test results since 3/12/2026. (see EXHIBIT A)

27. I have met with defendant multiple times over the past 5 months concerning my painful H. Pylori Symptoms. (see EXHIBIT'S A, B, C, D, And E)

28. Defendant has been And continues to be deliberately indifferent to my Serious medical needs for the past 5 months, in violation of the Eighth Amendment of the united States Constitution.

29. Being treated for H. Pylori is A Serious medical need.

30. The non-action and failure to treat me for H. Pylori by defendant indicates deliberate indifference to my serious medical need.

31. A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctors attention.

32. Defendant acted with deliberate indifference because she knows of and disregards an excessive risk to my health.

33. The international Agency for research on cancer has concluded that H. Pylori is a Class I human carcinogen and can cause gastric cancer.

34. Defendant as a licensed physician/Dr. would know that H. Pylori increases my risk of developing gastric cancer, ulcers, chronic gastritis, which can lead to gastric atrophy and intestinal metaplasia, and that gastric cancer is the third commonest cause of cancer death world-wide.

35. The defendant has been aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists.

36. A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individuals daily activities, or otherwise subjects a prisoner to a substantial risk of serious harm.

37. Cancer is life-threatening and H. Pylori if left untreated may cause gastric cancer.

38. H. Pylori carries risks of permanent serious impairment if left untreated.

39. My H. Pylori infection has resulted in my needless pain and suffering.

40. My H. Pylori infection and diagnosis subjects me to a substantial risk of serious harm.

41. When a prisoner is in need of medical treatment, the defendant is legally required to provide the most suitable medical treatment reasonably available.

42. R.I.D.O.C. policy defines exhaustion of Administrative remedies as, "the completion of the grievance process as

outlined in this policy, from informal review through the formal-Level 2 Appeal." (see EXHIBIT F pg. 2 of 13 § 3 attached hereto)

43. R.I.D.O.C. grievance policy lists Health care, and decisions made by qualified medical and mental health personnel related to an inmate's health under the "Non-Grievable Areas of Facility Life" section. (see EXHIBIT F at pgs. 3 and 4