District Court of the United States
for the District of Rhode Island

James Harris, Plaintiff
v. C.A. # 1:26-cv-00594-JJM-PAS
Audrey Levy-Lachance, Defendant

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

## Statement of the Case

This is a civil rights case filed under 42 U.S.C. § 1983 by a state prisoner and asserting a claim for the unconstitutional denial of medical care for an H.Pylori infection. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical care.

## Statement of Facts

The Complaint alleges that on March 11, 2026, the plaintiff tested positive for H.Pylori; beginning in May he has been experiencing daily sharp pain as well as other symptoms. He alleges he has never been treated for the infection, despite

his several requests and the awareness of the defendant of both the positive test result and his pain.

ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th cir. 1991) (citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d cir. 2001). Each of these factors weighs in favor of appointment of counsel in this case.

1. Factual complexity. Plaintiff's claims involve the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert

testimony supports the appointment of counsel. Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3d cir. 2002); Moore v. Mabus, 976 F.2d 268, 272 (5th cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th cir. 1992).

2. The plaintiff's ability to investigate. The plaintiff is locked up in the High-Security center's Restorative Housing Program (RHP) and has no ability to investigate the facts. For example, locating and securing expert witnesses who know of the possible life threatening effects of not treating H. Pylori. Tucker v. Randall, 948 F.2d 288, 391-92 (7th cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988). In addition, this case will require considerable discovery concerning any prior history of medical malpractice or other instances of failing to treat inmates, the plaintiff's risks of not treating his illness, extensive information about the health risks of leaving H. Pylori untreated, the plaintiff's medical history. see Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997) (holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics... these [discovery] rules prevented [the Plaintiff] from presenting an effective case below.").

3. The ability of the indigent to present his claim. The plaintiff

is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Forbes v. Edgar, 112 F.3d 262, 264 (7th cir. 1997). In addition, he is confined to an RHP which gives him very limited access to legal materials. Rayes v. Johnson, 969 F.2d 700, 703-04 (8th cir. 1992) (citing lack for ready access to a law library as a factor supporting appointment of counsel).

4. Legal complexity. The plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. Solis v. County of Las Angeles, 514 F.3d 946, 958 (9th cir. 2008) (prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial).

5. Merit of the case. The plaintiff's allegations, if proved, clearly would establish a constitutional violation. A total failure to treat his infection that is allegedly causing him substantial pain daily is a deliberate indifference to a serious medical need, constituting an Eighth Amendment violation of inadequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). On it's face, then, this is a meritorious case.

CONCLUSION

For the foregoing reasons, the Court should grant the plai-

ntiff's motion and appoint counsel in this case.

Date: 9/7/2026 Signed: [signature]

James Harris a/k/a Cing Lion Harris # 127609
PO Box 8200
Cranston, RI 02920